UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

November 17, 2020

Theodore A. Melanson, Esq.
Mignini, Raab, Demuth & Murahari, LLP
606 Baltimore Ave., Ste. 100
Towson, MD 21204

Kavita Sahai, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Subject: David S. v. Andrew Saul, Commissioner, Social Security Administration
Civil No.: BPG-19-3197

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 7), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 14), Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 15), and Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Reply") (ECF No. 16). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 14) and Defendant's Motion (ECF No. 15) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

## I. Background

On May 13, 2016, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on January 1, 2009. (R. at 161-62). At the time of the hearing before the Administrative Law Judge ("ALJ"), plaintiff adjusted his onset date, alleging disability beginning April 9, 2013. (R. at 23). Plaintiff's claim was initially denied on August 19, 2016 (R. at 99), and on reconsideration on February 7, 2017. (R. at 110-11). After a hearing held on August 28, 2018, an ALJ issued a decision on September 13, 2018 denying benefits based on a determination that plaintiff was not disabled. (R. at 23-32). The Appeals Council denied plaintiff's request for review on September 12, 2019 making the ALJ's opinion the final and reviewable decision of the Social Security Administration. (R. at 6–8). Plaintiff challenges the Social Security Administration's decision solely on the ground that the ALJ's step three analysis, specifically regarding Listing 1.04A, is not supported by substantial evidence.

## II. Discussion

Plaintiff argues that the ALJ failed to properly apply the requirements of Listing 1.04A at step three. In particular, plaintiff alleges that the ALJ inaccurately stated that plaintiff did not have

nerve root compression contrary to medical evidence. (R. at 26; ECF No. 14-1 at 13). Step three requires the ALJ to determine whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments describes "for each of the major body systems impairments that [the agency considers] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a). Listing 1.04 covers disorders of the spine "resulting in compression of a nerve root or the spinal cord." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04. Listing 1.04 also requires the satisfaction of one of three additional requirements identified as Requirements A–C. Id. Requirement A requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . ." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04A.

In this case, when evaluating plaintiff's impairment at step three, the ALJ identified the requirements of Listing 1.04 and concluded that plaintiff "does not have compromise of a nerve root or spinal cord with evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudo-claudication." (R. at 26). Yet, as argued by plaintiff, the medical evidence shows that two doctors found evidence of nerve root compression relating to two of plaintiff's MRIs. On a March 5, 2013 final report signed by Dr. H. Stanley Lambert, MD, discussing an MRI of plaintiff's cervical spine, there is a handwritten note which reads "diffuse spondylosis causing nerve root compression." (R. at 310). This handwritten note is signed with the initials "DR" which appears to refer to Dr. Douglas Root, MD, plaintiff's treating physician. (See R. at 305). Additionally, a 2017 state agency Reconsideration Analysis included review of a June 29, 2016 MRI in which the state agency medical consultant stated "MRI of [plaintiff's] neck shows diffuse spondylosis w[ith] nerve compression." (R. at 92).

Defendant argues that, "regardless of whether the State agency medical consultants' interpreted plaintiff's MRI as showing nerve root compression," there is no "material conflict" because the 2017 state agency medical consultant still found that plaintiff could perform light work and was not disabled. (ECF No. 15-1 at 9-10; R. at 88-97). Defendant further maintains that even if a conflict exists, it is harmless since both the ALJ and the state agency medical consultant found that plaintiff did not meet the requirements of Listing 1.04A. (ECF No. 15-1 at 10). Defendant's argument, however, overlooks the fact that the basis of the ALJ's conclusion that plaintiff did not meet the requirements of Listing 1.04A was that plaintiff did not have nerve root compression. Given that there is evidence of nerve root compression, which the ALJ did not mention, I cannot conclude that the ALJ's decision was based on substantial evidence. As the Fourth Circuit made clear in Fox v. Colvin, 632 Fed. App'x 750 (4th Cir. Dec. 17, 2015), it is not the reviewing court's role "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." Id. at 755; see also Hambleton v. Comm'r, SSA, No. SAG-15-2897, 2016 WL 4921422, at *2 (D. Md. Sept. 15, 2016) ("Ultimately, however, since the ALJ simply and erroneously asserted an absence of evidence instead of explaining her evaluation of the existing evidence, I am unable to review her opinion to determine

<u>David S. v. Andrew Saul, Commissioner, Social Security Administration</u>
Civil No.: BPG-19-3197
November 17, 2020
Page 3

whether her conclusion is adequately supported."). Accordingly, remand is necessary for the ALJ to consider, analyze, and articulate whether the medical evidence of record, including evidence of plaintiff's nerve root compression, supports a conclusion that plaintiff's impairments met the requirements of Listing 1.04A.
.
### III.     Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 14) and Defendant's Motion (ECF No. 15) are DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further consideration in accordance with this opinion.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.
.

Very truly yours,

/s/
Beth P. Gesner
Chief United States Magistrate Judge